**Erlinda Suela MAQUILING, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–73622.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 26, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Helen B. Zebel, Esq., Law Office of Helen B. Zebel, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Janice K. Redfern, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Erlinda Suela Maquiling, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming an Immigration Judge's decision denying her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the BIA's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

■ Substantial evidence supports the BIA's finding that Maquiling failed to demonstrate an objectively reasonable fear of future persecution in the Philippines based on her sexual orientation. *See id.* Maquiling did not claim past persecution and the background reports of anti-discrimination legislation in the Philippines and the lack of official discrimination against homosexuals undermine the reasonableness of Maquiling's well-founded fear of future persecution. *Cf. Karouni v. Gonzales,* 399 F.3d 1163, 1167 (9th Cir.

** This disposition is not appropriate for publication and is not precedent except as provid-

2005) (granting relief where the record was clear that the Lebanese government condemned homosexuality and attempted to curb homosexual conduct through oppressive state action).

In addition, Maquiling's evidence of economic discrimination did not amount to persecution, as she was able to obtain employment in the Philippines before coming to the United States. *See Nagoulko v. INS,* 333 F.3d 1012, 1016 (9th Cir.2003) (petition denied where employment discrimination was held to not be the type of economic deprivation that rises to the level of persecution).

■ Because Maquiling did not establish that she was eligible for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**